NH

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Luis Angel Ramirez Ledezma,<br>Petitioner,<br>v.<br>Eric Rokosky,<br>Respondent. | No. CV-26-03497-PHX-SMB (MTM)<br><br>**ORDER** |

Self-represented Petitioner Luis Angel Ramirez Ledezma, who is confined in the Eloy Detention Center, filed this action under 28 U.S.C. § 2241 challenging his immigration detention (Doc. 1). The Court will require Respondent to answer the Petition.

## I. Petition

Petitioner is a citizen from Venezuela who entered the United States on September 2, 2023, presented himself at the border as an asylum seeker, was "processed," and released on his own recognizance. Petitioner claims he complied with all reporting requirements until he was detained by "the sheriff" on October 12, 2025, and then transferred to Immigrations and Customs Enforcement (ICE) custody.[1]

On February 2, 2026, Petitioner was ordered removed to Ecuador and he did not appeal the order. On April 8, 2026, Respondents attempted to remove Petitioner to Ecuador but failed. On April 29, 2026, Respondents attempted to remove Petitioner to Venezuela, but, according to Petitioner, he cannot be safely returned there.

[1] Petitioner does not allege why he was detained.

Petitioner alleges that an immigration judge re-opened his case on April 25, 2025, and that he no longer has an administratively final order of removal.[2] Petitioner has remained detained for over seven months.

In Ground One, Petitioner claims his detention is continuous, indefinite, and punitive, and he has not been provided a bond hearing in violation of his Fifth Amendment right to due process. In Ground Two, Petitioner alleges that "the re-opening of immigration proceedings renders [his] continued detention without a bond hearing unconstitutional." Petitioner seeks release from custody under reasonable conditions of supervision or a bond hearing.

Respondent must respond to the petition articulating the statutory authorization for petitioner's detention; whether he was previously released on parole and, if so, the basis for his redetention and whether he was provided a pre-deprivation hearing; why and on what basis Petitioner's immigration proceedings were re-opened following his final order of removal; and the current status of petitioner's immigration proceedings.

Any response must be supported by documentary evidence including, if applicable, affidavits by individuals signed under penalty of perjury with personal knowledge of the factual statements made therein.

**IT IS ORDERED:**

(1) Petitioner's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2) The Clerk of Court must serve a copy of the summons, the Petition (Doc. 1) and this order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court must also send by certified mail a copy of the summons, the Petition, and this order to the United States

---

[2] Petitioner does not specify who moved to re-open the proceedings and why. Absent this information, the Court is unable to determine if Petitioner has a final order of removal.

Attorney General pursuant to Rule 4(i)(1)(B) and to Respondent pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(3) The Clerk of Court must immediately transmit by email a copy of this order and the Petition to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

(4) Respondent must respond to the Petition no later than **May 27, 2026**.

(5) Petitioner may file a reply no later than **June 3, 2026**.

Dated this 21st day of May, 2026.

Honorable Susan M. Brnovich
United States District Judge